PER CURIAM.
Plaintiff-appellant seeks review of that portion of an adverse final judgment, entered pursuant to directed verdicts for defendants, denying plaintiff’s claim for damages for water damage to aluminum extrusions.
Plaintiff, Oran Limited, arranged for the shipment by the defendant-appellee Seaway Lines, Inc. of aluminum extrusions, aluminum rivets and corrugated cartons from the Port of Miami to Barbados. The aluminum extrusions which were packed for shipment by the manufacturer were sold to Comfort Craft in Miami which in turn sold them to the plaintiff. Defendant-appellee Fireman’s Fund Insurance Company had issued a policy of marine all risk insurance for the shipment which insured “against all risks of physical loss of damage from any external cause irrespective of percentage . . . (but) free from any claims arising out of the inherent vice of the goods insured.” Seaway’s vessel arrived in Barbados on August 17, 1971. Plaintiff’s goods, with the exception of 101 pounds of aluminum rivets, which were lost, were unloaded and delivered to customs. Between August 25 and August 31, 1971 the cargo was picked up by the plaintiff and brought to its warehouse, where, upon inspection, 80% of the aluminum extrusions were found to have black water spots on them which made them useless except for salvage. Plaintiff filed the instant action to recover $353 in damages for the loss of 101 pounds of aluminum rivets and $12,000 for the water damages to the aluminum extrusions against Seaway Lines, Inc. and Fireman’s Fund Insurance Company. At the trial no evidence was presented as to the condition of the aluminum extrusions upon their leaving the manufacturer in the north or upon their arrival in Miami, nor was there *831 any evidence as to the age of the black stains on the extrusions or their exact cause. The president of Comfort Craft in Miami did testify however that from time to time metal shipped from the north would have condensation formed resulting in black spots on the metal. At the close of plaintiff’s case, both defendants filed motions for directed verdicts which were granted on plaintiff’s claim for damages to the aluminum extrusions. Thereupon, the trial court entered final judgment for (1). plaintiff on its claim for loss of the rivets, (2) for defendants on plaintiff’s claim for the aluminum extrusions, and (3) for defendant Fireman’s Fund on its cross-claim against Seaway to recover the amount ordered to be paid plaintiff for loss of the aluminum rivets. Plaintiff appeals that portion of the final judgment granting defendants’ motions for directed verdict to the extent of the damage to the aluminum extrusions. We affirm.
In order that plaintiff recover on his claim for water damage to the aluminum extrusions, it was incumbent upon plaintiff to prove, inter alia (1) the good condition of the aluminum extrusions prior to the shipment and attachment of the risk,[1] and (2) that the damage occurred while the aluminum extrusions were in the custody of the carrier.[2]
An examination of the record on appeal illustrates that plaintiff-appellant failed in its burden of proving the above two elements by a preponderance of the evidence and thus we conclude that the trial judge was eminently correct in granting defendants’ motion for directed verdict on the claim for the damage to the aluminum extrusions.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.

. Monarch Industrial Corp. v. American Motorist Ins. Co., 276 F.Supp. 972 at 985 (S.D. N.Y.1967).

. Greene v. Cheetham, 293 F.2d 933 (2nd Cir. 1961).